NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERICA SMITH, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 14-6027 (JBS/KMW) |
| BURLINGTON-FAMILY COURT DIVISION and JOHN L. CALL, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

In this action, pro se Plaintiff Erica Smith (hereinafter, "Plaintiff"), alleges that the Superior Court of New Jersey, Burlington County, Family Part (hereinafter, the "Superior Court"), and the presiding Judge of that court, John L. Call (hereinafter, "Judge Call"),[1] violated Plaintiff's civil rights by deeming her unfit to retain custody of her children, and by instead awarding residential custody to the children's father. Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

---

[1] Plaintiff does not expressly identify Defendant John L. Call as a Judge of the Superior Court of New Jersey. The Court, however, takes notice of Judge Call's judicial status, particularly because Plaintiff's Complaint squarely concerns acts taken in such capacity.

1. Because Plaintiff's application discloses that she is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

2. Section 1915(e)(2)(B), however, requires the Court to screen the complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). In determining the sufficiency of a pro se complaint, the Court must liberally construe the allegations in favor of the plaintiff, and must accept as true all factual allegations. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court may, however, freely ignore the plaintiff's "legal conclusions" and need not credit a pleading that offers little more than "labels and conclusions or a formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Rather, the plaintiff's factual allegations must be facially sufficient to demonstrate a "plausible" right to relief, by pleading factual content sufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3.  Plaintiff's one-paragraph Complaint generally alleges that the state court's custody placement violated her civil rights and caused her children emotional distress, particularly because the state court granted custody to the children's allegedly "unfit" and abusive father. (Compl. [Docket Item 1].) Plaintiff therefore seeks an order directing the state court to award Plaintiff "full residential custody" of her children, in addition to monetary damages for Defendants' "negligence" in placing the children in the custody of their father. (Id.) For the reasons stated below, Plaintiff's Complaint will be dismissed.

4.  Section 1983 generally provides a federal cause of action against any person who, "under color of" state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"  42 U.S.C. § 1983.  The Superior Court, however, fails to constitute a "person" subject to suit under 42 U.S.C. § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65 (1989) (finding that a Michigan state court "is not a person within the meaning of § 1983"); Reif v. Phila. Cnty. Ct. of C.P., 827 F. Supp. 319, 324 (E.D. Pa. 1993) (noting that a court is "not among those liable for violations of the civil rights statute").  Plaintiff's claim against the Superior

Court is therefore facially deficient and will be dismissed with prejudice.

    5.    With respect to the claim against Judge Call, the Court notes that judicial immunity extends immunity to judges from all suits, "not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).  Moreover, the mere allegations of "bad faith or malice" do not suffice to overcome the absolute nature of the immunity.  Id.  Rather, the immunity is only overcome in two narrow sets of circumstances.  See id. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted).  Here, Plaintiff alleges that Judge Call violated her civil rights by awarding "residential custody" of Plaintiff's children to their father.  (Compl.)  However, Judge Call made this determination while acting in his official capacity as a Judge of the Superior Court of New Jersey, and there are no allegations that Judge Call lacked jurisdiction to make such a finding, nor could Plaintiff plausibly dispute Judge Call's jurisdiction.  (Compl.) Moreover, Plaintiff has not demonstrated that, in rendering a child custody decision, Judge Call engaged in nonjudicial acts.

4

(Id.)  Absolute immunity therefore applies in this instance, and the claim against Judge Call will be dismissed with prejudice.

    6.   Finally, the Court notes that Plaintiff's Complaint challenges, in essence, the propriety of the state court's custody determination. (Id.) The Rooker-Feldman doctrine, however, "'precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court.'" Raab v. Borough of Avalon, No. 11-3831, 2013 WL 6983381, at *7 (D.N.J. Dec. 30, 2013) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)) (citation omitted).  In other words, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Daniels v. Cynkin, ___ F. Supp. 2d ____, No. 13-6027, 2014 WL 3672979, at *4 (D.N.J. July 23, 2014).  The doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance v. Dennis, 546 U.S. 459, 466 (2006) (citation omitted).  It has four requirements: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotation

5

omitted).  Plaintiff's Complaint in this instance invites the Court to review and reject the state court's custody determinations.  Indeed, Plaintiff specifically requests that the Court award her "full residential custody" of her children—a determination directly contrary to that of the state court. (Compl.)  A finding by the Court in Plaintiff's favor would therefore necessarily invalidate the state court's decision, and presents the precise inquiry precluded by the Rooker-Feldman doctrine.  See IBN Tajshan Butts v. Superior Ct. Family Div., No. 09-5304, 2010 WL 1491200, at *3 (D.N.J. Apr. 13, 2010) (finding that the Rooker-Feldman doctrine barred the plaintiff's challenge to the state court's "decision to have him remanded to jail for failure to pay child support").  Consequently, even if Plaintiff had named cognizable defendants, the Rooker-Feldman doctrine bars a federal challenge to the state court's custody determination.[2]

    7.  In sum, and for all of the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§

---

[2] Moreover, even if the Rooker-Feldman doctrine did not apply—which it does—it is well established that the "whole subject" of domestic relations and child custody "belongs to the laws of the states, and not to the laws of the United States[.]"  Daniels, 2014 WL 3672979, at *7 (citation and quotations omitted). Consequently, it is dubious whether this Court would ever have jurisdiction over Plaintiff's child custody dispute.  Plaintiff should instead seek relief through the state appellate court.

1915(e)(2)(B)(ii) and 1915A(b)(1).  Moreover, because amendment would be futile, the Court will dismiss Plaintiff's claims against the Superior Court and Judge Call with prejudice.  An accompanying Order will be entered.


**September 30, 2014**     **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            Chief U.S. District Judge